**In re URBAN INDUSTRIES, INC., Debtor.**

**WESTINGHOUSE CREDIT CORPORATION, Plaintiff,**

v.

**URBAN INDUSTRIES, INC., Defendant.**

**Bankruptcy No. 82–00394K.**
**Adv. No. 82–1477K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 15, 1982.

Mary D. Colins, Philadelphia, Pa., for plaintiff.

Alexander Hemphill, Philadelphia, Pa., for defendant/debtor.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint for relief from the automatic stay. The plaintiff, Westinghouse, is a creditor of the Chapter 11 debtor in possession secured in four (4) pieces of construction equipment. Westinghouse is seeking relief from the stay to foreclose on this collateral. The Court will grant the request for relief.[1]

Urban Industries is an excavation contractor which filed a petition for relief under Chapter 11 of the Bankruptcy Code in January of 1982. Westinghouse holds a valid, perfected security interest in four (4) pieces of the debtor's equipment. The outstanding obligation of the debtor to the plaintiff is in excess of $36,000, with interest accruing on a daily basis. No payments have been made on this loan since August of 1981.

The collateral consists of one 1970 Koehring 505 back hoe, one 1958 Caterpillar bulldozer, and two 1965 Euclid pan scrapers. The sole issue before the Court is whether relief from the stay imposed by § 362(a) of the Bankruptcy Code should be granted, under § 362(d)(2), in order to allow this secured creditor to pursue its remedies against the collateral as allowed by state law. Under § 362(d)(2) of the Code, the Court may grant relief from the stay if the debtor does not retain any equity in the property and the property is not necessary for an effective reorganization.

In this regard, the Court must establish the fair market value of the property in order that a determination of the existence and amount of the debtor's equity in the collateral may be made. The plaintiff introduced the testimony of a professional appraiser who had recently examined the machines in question.

According to the appraiser, the Koehring back hoe had a fair market value of only $5,000. He based this figure on the fact that the machine was tracked and suffered from a severe oil leak on one of the hydraulic shafts. On the other hand, the president of the debtor corporation valued this machine at close to twenty-thousand dollars. In light of the condition of this back hoe, the Court deems $20,000 to be an entirely too optimistic a valuation. Five thousand dollars, however, is too low. The Court finds the fair market value of this back hoe to be $8,000.

The plaintiff's expert valued the 1958 Caterpillar bulldozer at $2,500. The Court must agree with this figure. The bulldozer has a cable-operated blade, as opposed to the modern hydraulic-shaft models, and is otherwise hopelessly antiquated.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Finally, the plaintiff valued the two Euclid pan scrapers at a total of $7,000. One of the scrapers was completely inoperable, as a result of being minus both the front and rear engines. The appraiser assigned a value of $2,000. to this piece. In view of the immobile state of the machine, the Court wonders whether this low value may be excessive. Nevertheless, the Court finds the value of this pan scraper to be $2,000. The remaining scraper was apparently in running order and was valued at $5,000. by the appraiser. The Court finds the value assigned this second scraper to be too low. Although this scraper is not in mint condition, it is meant for excavation not exhibition. The Court, therefore, finds the value of this scraper to be $7,500.

The debtor's president testified and made strenuous efforts to discredit the appraiser. In regard to the scrapers, he fixed their value at over $15,000. each. He also asserted that these scrapers were not Euclid scrapers at all. Apparently, the president was attempting to cast doubt on the testimony of the plaintiff's witness by showing his inability to properly identify the equipment. If so, the tactic backfired woefully. Schedule A–2 and the security agreement, both signed by this individual, clearly identified the collateral as Euclid scrapers and carried the identical serial numbers.

The total fair market value of the collateral is only $20,000. The total balance of the debt is in excess of $36,000. The plaintiff, therefore, has carried his burden of proving a lack of equity in the collateral.

The burden of proving that the property is necessary for an effective reorganization is on the debtor. 11 U.S.C. § 362(g)(2). In this regard, it is clear to the Court that this equipment will not be necessary for an effective reorganization. The back hoe has not been used by the debtor for nearly a year and, furthermore, was seized by a third party prior to the filing of the petition eight (8) months ago. Urban Industries also owns four (4) additional back hoes. In addition to the 1958 Caterpillar, the company owns five (5) other bulldozers. This old bulldozer is superfluous.

Finally, the president testified that the company had not worked since January of 1982 and that Urban Industries had no contracts at all for excavation projects in the future. The Court, therefore, finds that this idle equipment is not necessary for effective reorganization.

An Order will be entered granting relief from the stay.